### George A. McHatton, Appellee, v. Alton, Granite & St. Louis Traction Company, Appellant.

#### (Not to be reported in full.)

Appeal from the City Court of Alton; the Hon. James E. Dunnegan, Judge, presiding. Heard in this court at the March term, 1917. Reversed and remanded. Opinion filed June 18, 1917.

#### Statement of the Case.

Action by George A. McHatton, plaintiff, against the Alton, Granite & St. Louis Traction Company, defendant, to recover damages on account of personal injuries alleged to be due to the sudden starting of one of defendant's street cars while plaintiff was in the act of alighting. From a judgment for $500 for plaintiff, defendant appeals.

Williamson, Burroughs & Ryder, for appellant.

B. J. O'Neill and L. B. Coppinger, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

#### Abstract of the Decision.

1. DAMAGES, § 209*—*when instruction on amount of recovery is erroneous.* In an action for personal injuries by a passenger against

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a street car company, where the defendant complained of the giving of an instruction intending to state the rule as to the liability of a carrier, and concluding with the words "then your verdict will be for the plaintiff in such an amount as you may believe from the evidence he is entitled to recover," *held* that by such instruction the jury were left free to give such damages as they might think plaintiff ought to recover, without confining them to any legal rule for fixing damages, and that the giving of such instruction constituted reversible error.

2.   CARRIERS, § 482*—*when refusal of instruction in action by passenger for injuries received in alighting from car is proper.* In a personal injury action by a passenger against a street car company, where an instruction that the declaration did not charge as a ground of recovery that the defendant did not keep its car waiting a sufficient length of time for plaintiff to alight, but that the actionable negligence charged was the sudden and violent starting of the car, which caused plaintiff to be thrown, and that, unless such actionable negligence was proven as charged, the verdict must be not guilty, was refused, *held* that such instruction contained nothing material which was not fully covered by other given instructions, and as the charge in the declaration appeared to be as much a charge of failure to wait a reasonable time as a charge of negligence in starting, the refusal was not error.

3.   APPEAL AND ERROR, § 1543*—*when instruction on credibility of witnesses is not reversibly erroneous.* In a personal injury action by a passenger against a street car company, where an instruction was given telling the jury that where two witnesses testified directly opposite to each other on a material point, and were the only ones that testified directly to the same point, the jury were not bound to consider the evidence evenly balanced or the point not proved, but might regard all the surrounding facts and circumstances proved at the trial and give credence to the one witness over the other, if the jury thought such facts and circumstances warranted it, *held* that, while such instruction was somewhat argumentative and was not to be wholly commended, it did not contain reversible error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.